UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAHEAL PARRISH,<br><br>Plaintiff,<br><br>v.<br><br>J. MACOMBER, et al.,<br><br>Defendants. | No. 2:17-cv-01959-TLN-AC<br><br>**ORDER** |

    Plaintiff Kaheal Parrish ("Plaintiff"), a state prisoner proceeding *pro se*, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On April 21, 2020, the magistrate judge filed findings and recommendations which were served on Plaintiff and which contained notice to Plaintiff that any objections to the findings and recommendations were to be filed within twenty-one days.  (ECF No. 12.)  On May 19, 2020, Plaintiff filed Objections to the Findings and Recommendations.  (ECF No. 15.)

    This Court reviews *de novo* those portions of the proposed findings of fact to which objection has been made.  28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982); *see also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).  As to any portion of the proposed findings of fact to which no objection has been made, the Court assumes its correctness and

decides the motions on the applicable law. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed *de novo*. *See Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Having carefully reviewed the entire file under the applicable legal standards, the Court finds the Findings and Recommendations to be supported by the record and by the magistrate judge's analysis.

To the extent Plaintiff argues he has stated a viable claim under the Americans with Disabilities Act ("ADA") because his mental illness is a protected disability (ECF No. 15 at 2), Plaintiff's argument is unavailing. The ADA was enacted to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). The ADA is applicable to state prisoners. *See Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998) ("Modern prisons provide inmates with many recreational 'activities,' medical 'services,' and educational and vocational 'programs,' all of which at least theoretically 'benefit' the prisoners (and any of which disabled prisoners could be excluded from participation in)"); *see also Armstrong v. Wilson*, 124 F.3d 1019, 1022–23 (9th Cir. 1997); *Duffy v. Riveland*, 98 F.3d 447, 453–56 (9th Cir. 1996).

In order to state a claim under Title II of the ADA, Plaintiff must allege: (1) he is an "individual with a disability;" (2) he is "otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he was "either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability." *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (quoting *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (*per curiam*)). To recover monetary damages under Title II of the ADA, Plaintiff must prove intentional discrimination on the part of the defendant. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001) (quotation marks and citation omitted). The standard for intentional discrimination is deliberate indifference. *Lovell v. Chandler*, 303 F.3d 1039, 1056 (9th Cir. 2002); *Duvall*, 260 F.3d at 1138–40. Where an entity has notice of the need for accommodation

and fails to act, the deliberate indifference test has been met, so long as the failure to act is the result of more than negligence and involves an element of deliberateness.  *Id.*

Plaintiff alleges that his mental illness constitutes a disability, but he provides no supporting facts or allegations that could justify an ADA claim.  He does not allege that he was excluded from participation in or denied the benefits of any services, programs, or activities due to his disability.  (*See, generally*, ECF No. 8.)  Nor does he allege he was denied reasonable accommodations or modifications in relation to a discriminatory policy, practice, or procedure.  Plaintiff's current claim, that adverse actions were taken against him because of his mental illness, do not make out discrimination pursuant to the ADA.  Accordingly, Plaintiff's objection is overruled.

Finally, to the extent Plaintiff argues he asserted a viable claim under the Equal Protection Clause of the Fourteenth Amendment (*see* ECF No. 15 at 2–3), these arguments were already properly addressed and rejected by the magistrate judge.  (*See* ECF No. 12 at 4.)  Therefore, Plaintiff's objection is overruled.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed April 21, 2020 (ECF No. 12), are adopted in full;

2. This action shall proceed only on Plaintiff's claim that Defendants J. Valice, H. Luevano, T. Stanfield and S. Peterson used excessive force against Plaintiff on December 15, 2015;

3. All other putative claims are DISMISSED without leave to amend; and

4. Defendants J. Macomber, L. Eldridge, J. Clough and Todd are DISMISSED without service.

IT IS SO ORDERED.

DATED:  June 15, 2020

Troy L. Nunley
United States District Judge