UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAHEAL PARRISH, | No. 2:17-cv-1959 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| J. MACOMBER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before the court is defendants' motion to compel the deposition testimony of witness inmate Joseph John (AU0589). ECF No. 34. The matter is fully briefed. See ECF Nos. 34, 35, 36. For the reasons stated below, defendants' motion will be granted in part and denied in part.

I.   RELEVANT FACTS

   A.   Defendants' Motion to Compel

In support of their motion, ECF No. 34, defendants represent as follows. Plaintiff has identified inmate John as a witness to the incident that is the subject of his amended complaint. John is the sole non-party witness to the events in question. During discovery, plaintiff produced a declaration regarding the incident that had been drafted by plaintiff and appears to be signed by

1

inmate John. On March 4, 2021, defendants served John with a subpoena to be deposed on April 13, 2021. When the date arrived, John refused to exit his cell to attend the deposition. John had given no prior notice and provided no justification for his failure to appear.

Defendants argue that because John is the only proffered non-party witness, his failure to participate in the deposition is prejudicial to their defense. They argue further that the manner in which John's declaration appears to have been obtained raises questions about its legitimacy, and makes a deposition all the more important for the purpose of testing John's credibility as well as developing the facts. They contend that John's refusal to be deposed reflects bad faith, and warrants sanctions under Federal Rules of Civil Procedure 30, 37 and 45 and Local Rule 302. Defendants accordingly seek a court order that (1) requires John to appear at a re-noticed deposition; (2) requires John to pay the fees incurred by defense counsel stemming from preparing for the deposition, attending the failed deposition, and preparing the instant motion;[1] (3) permits defendants to file a second motion to compel following John's second deposition if need be,[2] and (4) modifies the scheduling order for the limited purpose of permitting them to depose inmate John within forty-five days of the court's ruling on this motion. See ECF No. 34 at 4-6.

B.   Plaintiff's Opposition

In opposition to the motion, ECF No. 35, plaintiff contends that John's failure to participate in the April 2021 deposition was not in bad faith. Plaintiff asserts to the contrary that "defendant's [sic] agents, co-workers, employers, and all those acting in concert with them inside California State Prison Sacramento . . . began to bribe, harass, threaten and intimidate [inmate John] to ensure [sic] the witness testimony from the declaration did not reach record on deposition." See ECF No. 35 at 3 (brackets added). Plaintiff provides a letter that he received from John, stating that law enforcement was "messing wit[h] [him and his family] in a real way" in an attempt to get John to "to pull [his] statement back," and "[he] really [didn't] need [the] heat." ECF No. 35 at 5. "These pigs," John wrote, "[were] giving [me a] hella hard time." Id.

---

[1] Defense counsel has determined these costs to total $1,327.00. See ECF Nos. 34 at 7; 34-1 at 1-3.
[2] Defendants' second motion to compel would include a request that any statements or testimony from inmate John be barred from use in support of plaintiff's case. See ECF No. 34 at 4-5.

Based on the letter, plaintiff argues that defendants have succeeded in discouraging inmate John from testifying and that "to reward their . . . criminal malfeasance," – presumably by sanctioning inmate John – would be "absurd." See ECF No. 35 at 3. "The Court must not only protect [witness inmate John]," plaintiff argues, "but must also not allow defendant's [sic] to benefit from witness intimidation and tampering." See id.

### C. Defendants' Reply

Defendants reiterate in reply that inmate John is a necessary witness to the defense of this case, and emphasize that at no point prior to his scheduled April 2021 deposition did he indicate that he was receiving "heat" from staff members or that he was being persuaded not to attend the deposition. See ECF No. 36 at 2. Defendants point out that John's letter does not specify what "heat" he is getting, or from whom, nor does it provide any dates on which the alleged actions occurred. See id. For these reasons, they insist that John should not be excused from failing to attend the scheduled deposition, should be required to pay defendants' costs, and should be ordered to attend a second deposition. See ECF No. 36 at 2-3.

## II. DISCUSSION

### A. Second Deposition and Modification of Scheduling Order

The court agrees with defendants that the John deposition should be re-noticed, the scheduling order accordingly modified, and that consequences should attach to a second failure of the witness to appear. John has been identified by plaintiff as the sole non-party percipient witness to the incident at issue in this case. Defendants therefore are prejudiced by the inability to oppose him.

Furthermore, the court agrees with defendants that John's allegations of pressure from prison staff do not excuse his non-appearance. First, these concerns were not timely raised with the court. More significantly, the letter from Johns to plaintiff is dated before the noticed deposition date, and it indicates that John is willing to go forward notwithstanding the alleged "heat" from prison staff *if* plaintiff executes a promissory note for $1,000.00 to be paid to John from the proceeds of the lawsuit. ECF No. 35 at 5-6. This proposal undercuts plaintiff's allegation of witness tampering, and also demonstrates that whatever "pressure" John has

experienced does not prevent his cooperation with a deposition.

Finally, plaintiff does not oppose defendants' request that the scheduling order be modified to permit a second deposition; his opposition focuses on the issue of monetary sanctions. See generally ECF No. 35.

For these reasons, the court will grant defendants' request that the scheduling order be modified for the limited purposes of permitting defendants to (1) depose witness Joseph John (AU0589) within forty-five days of the date of this order, and (2) bring a motion for evidentiary sanctions in the event that John fails to appear for a second time. John will be ordered to comply with a subpoena; failure to do so is punishable in contempt. See Rule 45(g). Should John again fail to appear, defendants will be warranted in seeking the exclusion of his testimony in any form including by declaration.

B.   Sanctions Request

Federal Rule of Civil Procedure 30(d)(2) permits the sanctioning of "reasonable expenses and attorney's fees incurred by any party" on someone who "impedes, delays, or frustrates the fair examination of the deponent." See Fed. R. Civ. P. 30(d)(2). In addition, Federal Rule of Civil Procedure 37(a)(5)(A) permits the court to order that a deponent pay a movant's reasonable expenses incurred in drawing up a motion to compel. See Fed. R. Civ. P. 37(a)(5)(A). However, the court must not order such a payment if circumstances make the award of expenses unjust. See Fed. R. Civ. P. 37(a)(5)(A)(iii).

The record before the court demonstrates that John's failure to appear for deposition was not excusable. Quite to the contrary, the letter from John to plaintiff clearly indicates that John was willing to be deposed if plaintiff agreed to give him $1,000 of any recovery from this lawsuit. See ECF No. 35 at 5-6. This representation arguably supports defendants' contention that inmate John acted in bad faith when he refused to be deposed on April 13, 2021.

On the other hand, John's allegations of harassment and dissuasion are not facially implausible. Rather than engaging in collateral fact-finding regarding John's claims, the undersigned will decline to impose financial sanctions at this time. The interests of justice are best served by an expeditious conclusion to discovery and the completion of the deposition. As

previously indicated, if John again declines to be deposed then plaintiff may not be able to rely on his testimony at trial or on his written statements in opposition to any summary judgment motion that defendants may bring. See generally Fed. R. Civ. P. 37(b)(2)(A) et seq.

Accordingly, IT IS HEREBY ORDERED that defendants' motion to compel (ECF No. 34) be GRANTED IN PART and DENIED IN PART as follows:

1. GRANTED to the extent that:

    a. The scheduling order is hereby modified for the limited purpose of permitting defendants to depose inmate witness Joseph John (AU0589) within forty-five days of the court's ruling on this motion;

    b. Inmate Joseph John (AU0589) is required to appear at his deposition when it is re-noticed; and

    c. Defendants may, if John fails to appear for his deposition a second time, bring a motion for evidentiary sanctions.

2. The motion to compel is otherwise DENIED, including as to monetary sanctions.

DATED: June 15, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE